UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| BLAKE G. BUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>PRINCE GEORGE'S COUNTY<br>PUBLIC SCHOOLS,<br><br>    Defendant. | Civil Action No. TDC-14-2308 |

MEMORANDUM OPINION

Plaintiff Blake G. Bussell, who is proceeding *pro se* and *in forma pauperis*, alleges that Defendant Prince George's County Public Schools is liable for defamation and other causes of action sounding in tort arising from incidents that occurred when Bussell was a public school teacher in Prince George's County, Maryland. For the reasons set forth below, Bussell's Complaint is dismissed pursuant to 28 U.S.C. § 1915.

BACKGROUND

I.  Bussell's Termination and Prior Lawsuits

Between 2005 and 2010, Bussell was employed as a teacher at Panorama Elementary School in Prince George's County. Bussell claims that that the principal at Panorama Elementary School, Patricia Wells, unjustly denigrated him on numerous occasions in front of staff, students, and parents. In 2008, for example, Bussell was accused of physically restraining and injuring a student in his classroom. According to Bussell, Wells and three colleagues—Trateka Wray, Kathy Jones, and Cynthia Shilling—entered into a "conspiracy" to lie to school administrators about Bussell's actions in that incident as well as his past performance as a

teacher. Compl. ¶¶ 37, 121-37, 146-70. The incident resulted in, or at least contributed to, Bussell's termination on August 25, 2010.

On February 18, 2009, and December 18, 2009, Bussell filed lawsuits against Wells in the Circuit Court for Prince George's County, alleging that she made defamatory statements about him. *See Bussell v. Wells*, Civ. Action No. CAL09-04972 (Cir. Ct. Prince George's Cty. Feb. 18, 2009), *available at* http://casesearch.courts.state.md.us; *Bussell v. Wells*, Civ. Action No. CAL09-40422 (Cir. Ct. Prince George's Cty. Dec. 18, 2009), *available at* http://casesearch.courts.state.md.us.[1] The first suit was dismissed without prejudice on June 26, 2009. The second was dismissed with prejudice on May 14, 2010. Bussell's appeal of the second dismissal was dismissed on April 7, 2011. On November 11, 2010, Bussell filed in the Circuit Court another lawsuit alleging similar claims, this time against Wells, Wray, Jones, and Shilling, detailing their false statements against him and their role in his termination. *Bussell v. Wray*, Civ. Action No. CAL10-37511 (Cir. Ct. Prince George's Cty. Nov. 11, 2010), *available at* http://casesearch.courts.state.md.us. The court dismissed that case with prejudice on July 8, 2011.

**II.    Procedural Background**

On August 7, 2013, Bussell, now a resident of Hauppauge, New York, filed the Complaint in this action in the United States District Court for the Eastern District of New York. The Complaint seeks compensatory and punitive damages from the Prince George's County Public Schools for damages resulting from the false statements of Wells, Wray, Jones, and Shilling. Like his three previous lawsuits, Bussell's Complaint sounds in tort. Bussell alleges no

---

[1] The Court takes judicial notice of Bussell's prior lawsuits pursuant to Federal Rule of Evidence 201(b)(2).

federal causes of action, but asserts that the district court had diversity jurisdiction under 28 U.S.C. § 1332.

On August 27, 2013, the court granted Bussell's Motion for Leave to Proceed *In Forma Pauperis*.  On February 20, 2014, Bussell submitted amendments to his Complaint, asking for additional damages and equitable relief in the form of written apologies from Wells, Wray, Jones, and Shilling.  The court treated this submission as a Supplement to the Complaint.

On June 12, 2014, after receiving a letter from counsel for the Board of Education of Prince George's County ("Board") detailing various defects in Bussell's action, United States District Judge Joseph F. Bianco ordered Bussell to show cause why his Complaint should not be dismissed for lack of personal jurisdiction, improper venue, or as barred by the applicable statute of limitations, *res judicata*, or collateral estoppel.  Bussell responded on July 1, 2014.  On July 9, 2014, Judge Bianco construed the Complaint as alleging claims against the Board, since "Prince George's County Public Schools" is not an entity subject to suit.  *See* Md. Code Ann. Educ. § 3-104(b)(2) (2015); *James v. Frederick Cty. Pub. Sch.*, 441 F. Supp. 2d 755, 758 (D. Md. 2006).  Judge Bianco also found venue to be improper in the Eastern District of New York under Federal Rule of Civil Procedure 12(b)(3) and transferred the case to this Court pursuant to 28 U.S.C. § 1406(a).  The case was received by this Court on July 21, 2014.

On August 1, 2014, this Court ordered Bussell to supplement his response to Judge Bianco's Order to Show Cause, requiring Bussell to demonstrate that the applicable statute of limitations or *res judicata* does not bar his claims.  Bussell responded that it was not until his termination that he realized the Board was complicit in the wrongs committed by its employees Wells, Wray, Jones, and Shilling.  He also argued that, although he had filed previous lawsuits against employees of the Board, he had never sued the Board itself.

## DISCUSSION

### I. Legal Standard

Pursuant to 28 U.S.C. § 1915, a district court must dismiss a complaint filed *in forma pauperis* if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2) (2012). Dismissal under § 1915 is proper when it is clear from the face of the complaint that the action is barred by *res judicata*. *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983) (affirming § 1915 dismissal on statute of limitations and collateral estoppel grounds); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) ("Section 1915(d) is aimed at the dismissal of 'frivolous, malicious, or *repetitive* lawsuits.'") (emphasis in original)) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

### II. *Res Judicata*

Bussell's claims are barred by *res judicata*. *Res judicata*, or claim preclusion, dictates that "a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enters., Inc.,* 81 F.3d 1310, 1314-15 (4th Cir. 1996). "The rule is designed to avoid the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *deLeon v. Slear*, 616 A.2d 380, 385 (Md. 1992) (internal quotations omitted). The preclusive effect of a prior state-court judgment is determined by the law of the state in which the judgment was rendered. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). Under Maryland law, the elements of *res judicata* are "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a

final judgment on the merits in the prior litigation." *Cochran v. Griffith Energy Servs., Inc.*, 43 A.3d 999, 1002 (Md. 2012) (quoting *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008)). If all three of these elements are present, the prior judgment bars a suit raising claims that were or could have been adjudicated in the earlier case. *deLeon*, 616 A.2d at 385.

Each of the three prongs of *res judicata* is satisfied here. First, the defendant in this case, the Board, is in privity with its employees, the defendants in Bussell's prior cases. *deLeon v. Slear*, 616 A.2d 380, 389 (Md. 1992) (holding that employees were in privity with their employer and that claims against them were barred by *res judicata*); *Patel v. HealthPlus, Inc.*, 684 A.2d 904, 919-20 (Md. Ct. Spec. App. 1996) (same). "[T]he common interests implicit in an employment relationship ordinarily . . . tend to bind employers and employees in privity for the purposes of *res judicata*." *Warner v. German*, 642 A.2d 239, 245 (Md. Ct. Spec. App. 1994). Moreover, the Court of Appeals of Maryland "has relaxed somewhat the strict requirements of privity [among successive defendants] . . . for purposes of res judicata . . . in situations where the plaintiff had a full and fair opportunity to litigate the same claim in the prior proceedings." *deLeon*, 616 A.2d at 389 n.5. The Board is therefore in privity with the employees previously sued by Bussell on the same causes of action. *See id.* at 389. Even if privity did not exist in the strict sense, it is a requirement intended to protect parties *against* whom *res judicata* is invoked, to ensure that they had opportunity to present relevant arguments and to have some control over the course of the litigation. *Warner*, 642 A.2d at 242-44; *cf. Rourke v. Amchem Products, Inc.*, 863 A.2d 926, 938 (Md. 2004) (discussing Maryland courts' recognition of non-mutual defensive collateral estoppel, but not non-mutual offensive collateral estoppel). As discussed further below, Bussell had "a full and fair opportunity to litigate the same claim in the prior proceedings." *deLeon*, 616 A.2d at 389 n.5.

Second, Bussell's claims in this case are identical to the claims presented in his third suit against Board employees. Claims are "identical" if they "arise[] out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (internal citations and quotations omitted); *Kent Cty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). The claims in Bussell's 2010 suit—"Conspiracy Theory, Malicious Defamation, False light, . . . Injurious Falsehoods, [and] Job Termination"—mirror his claims in this case. *Bussell v. Wray*, Civ. Action No. CAL10-37511 (Cir. Ct. Prince George's Cty. Nov. 11, 2010). More importantly, the facts underlying the claims in the two cases are the same: statements made by Board employees that tarnished Bussell's reputation and led to his termination.[2] The Complaint in this action details a few more examples from 2007 to 2009 of Wells's efforts to humiliate Bussell, but the focus remains, as before, on the incident in which Bussell used force against a student, the subsequent disciplinary hearings, and Bussell's termination. Large sections of Bussell's most recent complaint are lifted verbatim from his 2010 complaint. Finally, although Bussell has identified a new defendant in the Board, and adds some statements of legal principles with citations, he adds no new facts or allegations to demonstrate the Board's liability. For *res judicata* purposes, the two suits are identical.

The third element of *res judicata* is satisfied because Bussell's 2010 suit was resolved by a judgment on the merits. On July 8, 2011, the Circuit Court for Prince George's County granted a motion to dismiss and dismissed Bussell's complaint with prejudice. *Bussell v. Wray*, Civ. Action No. CAL10-37511 (Cir. Ct. Prince George's Cty. Nov. 11, 2010). When a Maryland court's dismissal amounts to a decision "that the plaintiff can never maintain that cause of

---

[2] The claims in Bussell's first two suits against Wells are also based on the same set of facts as the claims in the current suit, with the exception that these prior cases did not address Bussell's termination, which had not yet occurred when Bussell initiated them.

action[,] . . . such dismissal is an adjudication on the merits for res judicata purposes." *N. American Specialty Ins. Co. v. Boston Med. Grp.*, 906 A.2d 1042, 1050 (Md. Ct. Spec. App. 2006) (holding that a claim was barred by *res judicata* where a previous identical claim had been dismissed as barred by the statute of limitations); *see also Annapolis Urban Renewal Auth. v. Interlink, Inc.*, 405 A.2d 313, 317-19 (Md. Ct. Spec. App. 1979) (holding that a claim was barred by *res judicata* where a previous, identical claim had been dismissed on sovereign immunity grounds). The circuit court's dismissal with prejudice of Bussell's 2010 lawsuit thus constitutes an adjudication on the merits.

"[A] losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." *Dep't of Human Res. v. Thompson*, 652 A.2d 1183, 1192 (Md. Ct. Spec. App. 1995) (quoting *Astoria Fed. Savs. & Loan v. Solimino*, 501 U.S. 104, 107 (1991)). Bussell is not permitted to dust off claims rejected by a state court, swap out parties, and re-litigate the same matter. Because his claims are barred by *res judicata*, they are dismissed pursuant to § 1915.

## CONCLUSION

For the foregoing reasons, Bussell's Complaint is DISMISSED with prejudice. A separate Order shall issue.

Date: December 22, 2015
                                                                        /s/
                                           THEODORE D. CHUANG
                                           United States District Judge